**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kendall Ramsey,<br><br>    Plaintiff,<br><br>vs.<br><br>Oscar Cortez, et al.,<br><br>    Defendants. | No. CV 05-0300-PHX-FJM (DKD)<br><br>**ORDER** |

This is a civil rights action brought by a state prisoner regarding excessive of use of force. Defendants moved for summary judgment and to deem requests for admission admitted (Doc. #17). Plaintiff did not respond. The Court will grant Defendants' motion.

**I. Background**

Plaintiff alleged in his Complaint that Defendants Cortez and McDonough, who are City of Phoenix police officers, unnecessarily used a taser gun against him during his arrest and denied him access to medical care (Doc. #1 at 4-5). Plaintiff also alleged that Defendants City of Phoenix and its police department endanger citizens by allowing officers to use tasers (Id. at 6).

Defendants moved for summary judgment and to deem requests for admission granted, accompanied by a statement of facts (Doc. ##17-18). They contend that: (1) neither Officer Cortez nor McDonald tazed Plaintiff; (2) Plaintiff did not appear as if he needed medical care nor did he request it; and (3) Plaintiff's theory of municipal liability fails because he has not shown that a specific policy or custom caused his injury (Doc. #17).

1  The Court issued a Notice informing Plaintiff about his rights and obligations to file a timely response to the motion (Doc. #19). Plaintiff, however, failed to respond.

## II. Legal Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). When considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those upon which a reasonable jury might return a verdict." Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir. 1995).

Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23. Rule 56(e) compels the nonmoving party to "go beyond the pleadings" to designate specific facts showing that there is a genuine issue for trial. Id. at 324. There is no issue for trial unless there is sufficient evidence favoring the non-moving party. Anderson, 477 U.S. at 249.

## III. Analysis

### A. Excessive Force

For a claim of excessive force during an arrest, the Fourth Amendment is violated when the force used is not objectively reasonable. Graham v. Connor, 490 U.S. 386, 394-95 (1989). According to Plaintiff's Complaint, during his arrest on December 17, 2004, Officers Cortez and McDonough opened a window of an apartment and instantly shot him with a taser (Doc. #1 at 4). In their motions, Defendants attest that they were not the officers who used a taser (Cortez Aff. ¶ 22; McDonough Aff. ¶ 15, DSOF, Exs. 2 & 3, Doc. #18).

- 2 -

1       The day before Plaintiff was arrested, Officer Cortez responded to a call about a
2 trespasser at an apartment complex. He found Plaintiff standing near the office mailbox and
3 when Cortez explained that he was a police officer, Plaintiff fled (Cortez Aff. ¶¶ 7-11). The
4 next day, four officers responded to a call from the complex, and they were told that Plaintiff
5 was inside an apartment (Id. ¶¶ 14-18). Cortez and two other officers banged on the door and
6 ordered Plaintiff to open it (Id. ¶ 19). McDonough, who was standing on the other side of
7 the building, heard a window open and saw Plaintiff begin to go through it (McDonough Aff.
8 ¶¶ 10-11, DSOF Ex. 3, Doc. #18). McDonough saw another officer use his taser and miss
9 (Id. ¶ 12). Only one or two probes touched Plaintiff or his clothes, and Plaintiff did not
10 receive any charge or stun (Id. ¶¶ 13-14). Cortez entered the apartment, asked Plaintiff to
11 lie on the ground, and handcuffed him (Cortez Aff. ¶¶ 23-24).

12       Plaintiff failed to respond to Defendants' requests for admission, which means that
13 their requests are deemed admitted. Fed. R. Civ. P. 36(a). The admissions include that
14 Plaintiff fled from Cortez on December 16, and that he attempted to flee through the
15 apartment window on December 17 (DSOF Ex. 4, Doc. #18).

16       In light of the foregoing, there is insufficient evidence in the record from which a jury
17 could find that Officers Cortez or McDonough used excessive force against Plaintiff during
18 his arrest by tazing him. Although Plaintiff alleged in his Complaint that the officers tazed
19 him, it is clear from the officers' testimony that neither of them used their tasers. Plaintiff
20 has not submitted any evidence to rebut these assertions nor has he attempted to sue the
21 officer who allegedly used a taser against him. Accordingly, Defendants Cortez and
22 McDonough are entitled to summary judgment on this claim.

23     **B. Medical Care**

24       The Due Process Clause requires the government to secure medical care for persons
25 who have been injured during their arrest. City of Revere v. Massachusetts Gen. Hosp., 463
26 U.S. 239, 244 (1983); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1098-99
27 (9th Cir. 2006). Defendants assert that Plaintiff must be able to show that the officers were
28 deliberately indifferent to his serious medical needs. See Lolli v. County of Orange, 351

F.3d 410, 419 n. 6 (9th Cir. 2003) (declining to apply a more demanding standard of care when the plaintiff did not argue for it).

In his Complaint, Plaintiff alleged that Officers Cortez and McDonough denied him access to "immediate medical intervention" (Doc. #1 at 5). Defendants Cortez and McDonough attest that Plaintiff did not appear to be in pain, he did not complain about any pain or injury, and he did not ask for medical assistance (Cortez Aff. ¶¶ 23, 25-26; McDonough Aff. ¶¶ 17-19, DSOF Exs. 2-3, Doc. #18). Plaintiff has not responded to these allegations. Notably, there are no medical records to support his assertion that he suffered injury during his arrest. Defendants submitted evidence that they attempted to secure Plaintiff's authorization for release of medical records and they also requested Plaintiff to serve them with copies of any records that he had, but he failed to respond. Consequently, there is insufficient evidence from which a jury could find that Plaintiff had a serious medical need upon his arrest or that the officers were deliberately indifferent to such a need. Defendants Cortez and McDonough are entitled to summary judgment on this claim.

**C. Municipal Liability**

Plaintiff alleged that the City of Phoenix and its police department allow the lives of citizens to be endangered by permitting officers to use tasers (Doc. #1 at 6). A municipality such as the City and its police department may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Thus, as a matter of law, Plaintiff's claim cannot succeed unless he specifies the policy or custom that is pertinent to his alleged injury, and he explains how the policy or custom caused his injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.) cert. denied, 126 S. Ct. 2864 (2006). The City contends that Plaintiff has not cited any specific policy or custom of the City that caused the denial of his constitutional rights. The Court agrees that Plaintiff's vague claim that the City allows the use of tasers is insufficient to establish municipal liability. Accordingly, summary judgment will be granted in favor of the City and its police department.

1    **IT IS ORDERED** that Defendants' Motion for Summary Judgment and Motion to
2 Deem Request for Admissions Admitted (Doc. #17) is **granted**.  The Clerk of Court shall
3 enter judgment in favor of Defendants.
4        DATED this 16th day of October, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge